IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–25–BLG–DLC |
| Plaintiff, | |
| vs. | ORDER |
| AMANDA CHRISTINE BROWN, | |
| Defendant. | |

Before the Court is Defendant Amanda Christine Brown's Unopposed Motion for Early Termination of Supervision. (Doc. 127.) The United States does not oppose. (*Id.* at 1.) United States Probation Officer Spencer Leonhardt has no objection to early termination. (*Id.* at 1–2.) For the reasons below, the Court grants the Motion.

**BACKGROUND**

On June 29, 2022, Defendant was sentenced for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A). (Doc. 96.) The Court sentenced Defendant to 42 months of imprisonment, followed by five years of supervised release. (*Id.* at 2–3.) Defendant began serving her term of supervision on March 4, 2024. (Doc. 128 at 2.)

1

## DISCUSSION

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant argues that her supervised release should be terminated for several reasons. She has been employed by Western Sugar since November 2023 and is currently attending sugar school so she can make Western Sugar her career. (Doc. 128 at 3.) While incarcerated, Defendant earned her small business certificate. (*Id.*) She still communicates with her counselor every month and spends

2

her spare time doing outdoor activities and spending time with her daughters. (*Id.*) She rents an apartment but is saving money to buy a house. (*Id.*)

Based on Defendant's success on supervised release, the Court believes Defendant can live a productive and law-abiding life without the supervision of the Court.

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 127) is GRANTED. Amanda Chrstine Brown's term of supervised release is TERMINATED as of the date of this Order.

DATED this 6th day of April, 2026.

Dana L. Christensen, District Judge
United States District Court

3